United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| R.K., Plaintiff, v. FRANK BISIGNANO, Defendant. | Case No. 21-cv-01764-VKD<br>**ORDER GRANTING MOTION FOR FEES PURSUANT TO 42 U.S.C. § 406(b)**<br>Re: Dkt. No. 26 |

## I. BACKGROUND

Plaintiff R.K. filed this action for review of an unfavorable decision by the Commissioner of Social Security ("Commissioner")[1] regarding R.K.'s application for supplemental security income under Title XVI of the Social Security Act, 42 U.S.C. § 1381, *et seq.* On March 6, 2023, upon the parties' cross-motions for summary judgment, the Court remanded this matter for further proceedings and entered judgment accordingly. Dkt. Nos. 20, 21. The record indicates that following remand, the Commissioner issued a fully favorable decision, finding R.K. disabled beginning December 2015. *See* Dkt. No. 26-5. In May 2026, the Social Security Administration issued a notice of award, informing R.K. that he is entitled to past-due benefits in the amount of $49,458.32. *Id.*

R.K.'s counsel, Katherine Siegfried, now moves for attorneys' fees pursuant to 42 U.S.C. § 406(b). Dkt. No. 26.[2] Ms. Siegfried seeks an award of $12,364.00 pursuant to her fee

[1] Frank Bisignano, Commissioner of the Social Security Administration, is substituted for his predecessor pursuant to Federal Rule of Civil Procedure 25(d).

[2] Ms. Siegfried avers that she was not properly copied on the May 2026 notice of award. She

United States District Court
Northern District of California

agreement with R.K. *See* Dkt. No. 26-4. That agreement reflects R.K.'s agreement, in relevant part, as follows:

> **IF MY CASE IS APPEALED AFTER A HEARING DECISION**: If the first ALJ decision is not fully favorable and my attorney represents me on an appeal, and I win my case later, I agree that the fee for any appellate work will be up to twenty-five percent (25%) of all back benefits awarded in my case.

Dkt. No. 26-4 at 1.

When a district court awards fees under both the Equal Access to Justice Act ("EAJA") and § 406(b), "'the claimant's attorney must refund to the claimant the amount of the smaller fee.'" *Crawford v. Astrue*, 586 F.3d 1142, 1144 n.3 (9th Cir. 2009) (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002)). The Court previously awarded Ms. Siegfried fees in the amount $10,950.00 pursuant to the EAJA. *See* Dkt. No. 25. Ms. Siegfried states that when the § 406(b) fees are paid in full, she will reimburse R.K. for the prior $10,950.00 award of fees under the EAJA. *See* Dkt. No. 26 at 2-3; Dkt. No. 26-2 ¶ 9.

Ms. Siegfried avers that she served R.K. with a copy of the present motion for fees and supporting papers electronically and by mail on August 31, 2026. *See* Dkt. No. 26-2 ¶¶ 10-11. The Court has received no objection or response from R.K., and the time for submitting one has passed. *See* Civil L.R. 7. The Commissioner filed a response in which he does not support or oppose Ms. Siegfried's motion for fees, but states that the Court should independently review whether Ms. Siegfried's fee request is reasonable. Dkt. No. 27. The motion is deemed suitable for determination without oral argument. Civil L.R. 7-1(b). Upon consideration of the moving and responding papers, the Court grants Ms. Siegfried's motion.

## II. DISCUSSION

When a court renders judgment favorable to a claimant represented by an attorney, "the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]" 42 U.S.C. § 406(b)(1)(A). A court may award such fees even if the

---

states that after she contacted the agency, she received a copy of the notice on August 17, 2026. *See* Dkt. No. 26-2 ¶¶ 6-7.

court's judgment did not immediately result in an award of past-due benefits. *Butler v. Colvin*, No. 3:14-cv-02050-LB, 2017 WL 446290, at *1 (N.D. Cal. Feb. 2, 2017).

Section 406(b) "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Gisbrecht*, 535 U.S. at 807. "Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id*. "The statute does not specify how courts should determine whether a requested fee is reasonable" and "provides only that the fee must not exceed 25% of the past-due benefits awarded." *Crawford*, 586 F.3d at 1148; *see also Gisbrecht*, 535 U.S. at 807 ("Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits."). The attorney seeking fees must show that the fees sought are reasonable for the services rendered. *Gisbrecht*, 535 U.S. at 807.

In determining a reasonable fee award under § 406(b), courts "must respect 'the primacy of lawful attorney-client fee agreements,' . . . 'looking first to the contingent fee agreement, then testing it for reasonableness.'" *Crawford*, 586 F.3d at 1148 (quoting *Gisbrecht*, 535 U.S. at 793, 808). In this context, reasonableness does not depend on lodestar calculations, but upon "the character of the representation and the results the representative achieved." *Gisbrecht*, 535 U.S. at 808. Fees resulting from a contingent fee agreement are unreasonable and subject to reduction by the court "if the attorney provided substandard representation or engaged in dilatory conduct in order to increase the accrued amount of past-due benefits, or if the 'benefits are large in comparison to the amount of time counsel spent on the case.'" *Crawford*, 586 F.3d at 1148 (quoting *Gisbrecht*, 535 U.S. at 808). Although the Supreme Court has "flatly rejected [a] lodestar approach," *id*., a court may require, "not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement," submission of the requesting attorney's records of the hours worked and normal hourly billing rate for non-contingent fee cases. *Gisbrecht*, 535 U.S. at 808.

Ms. Siegfried has demonstrated that the requested fees are reasonable for the services rendered. Her fee agreement with R.K. provides for fees within the 25% limit imposed by

United States District Court
Northern District of California

§ 406(b). Dkt. No. 26-4. Ms. Siegfried successfully pursued R.K.'s appeal in this Court, and obtained a favorable result in which R.K. received substantial past-due benefits. Dkt. No. 26-5. Nothing in the record suggests that Ms. Siegfried's performance was substandard, or that she engaged in dilatory conduct in order to increase the amount of fees to be awarded. Ms. Siegfried did not request any continuances or extensions of time. The Court finds no instances of undue delay.

Ms. Siegfried's time records, which the Court has reviewed as an aid to the assessment of the reasonableness of the requested fee, indicate that she spent 50.7 hours working on the present appeal. *See* Dkt. No. 26-3. While *Gisbrecht* and *Crawford* make clear that a lodestar analysis does not drive the evaluation of fees under § 406(b), *see Gisbrecht*, 535 U.S. at 806; *Crawford*, 586 F.3d at 1149, the result is a lodestar lower than the $500 hourly rate Ms. Siegfried says she currently charges for non-contingency appellate cases (unrelated to Social Security). *See* Dkt. No. 26-2 ¶ 2. Moreover, the Court recognizes that Ms. Siegfried assumed a risk of not recovering fees by representing R.K. on a contingency basis since 2021. *See* Dkt. Nos. 26-3, 26-4. There is no indication that at that time, Ms. Siegfried could have known that R.K. would obtain an order remanding the case for further proceedings and that, years later, the agency ultimately would find that R.K. was entitled to past-due benefits.

Accordingly, the Court finds that the requested fees are reasonable.

## III. CONCLUSION

Based on the foregoing, Ms. Siegfried's motion for fees pursuant to 42 U.S.C. § 406(b) is granted. The Court awards $12,364.00 in fees to Ms. Siegfried. Ms. Siegfried shall refund to R.K. $10,950.00 in EAJA fees previously awarded.

**IT IS SO ORDERED.**

Dated: October 1, 2026

Virginia K. DeMarchi

Virginia K. DeMarchi
United States Magistrate Judge